IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN D. KUEHNE, JR., | : | |
| Plaintiff | : | Civil Action 3:09-cv-18 |
| v. | : | Judge Smith |
| LESLIE FOLEY, | : | Magistrate Judge Abel |
| Defendant | : | |

## ORDER

Plaintiff John D. Kuehne, Jr. is presently incarcerated in the United States Penitentiary in Terre Haute, Indiana, pursuant to a September 2004 criminal conviction. He later appealed; the appellate decision affirming his conviction was reported as *United States v. Kuehne*, 547 F.3d 667 (6th Cir. 2008). This matter is before the Court pursuant to Plaintiff's Objections (Doc. 12) to the February 3, 2009 Report and Recommendation of the Magistrate Judge (Doc. 7). Plaintiff filed this action on January 16, 2009, in the Western Division of the Southern District of Ohio, and it was transferred to this court on January 21, 2009. On February 3, 2009, the Magistrate Judge issued an initial screening report and recommendation, recommending that Plaintiff's complaint be dismissed without prejudice for failure to state a claim.

Plaintiff states several objections to the report and recommendation, which the Court will address individually.

1

> As an initial matter, Mr. Kuehne objects to the Report and Recommendation's two mischaracterizations of the Complaint, to wit: (1) "The complaint alleges that court reporter Leslie Foley falsified and omitted portions of the transcripts of criminal proceedings <u>that resulted in his convictions</u>," and (2) "The complaint alleges that the falsifications and omissions prejudiced plaintiff during the criminal proceedings and that his <u>direct appeal was denied based on them</u>." [...]
>
> First, Mr. Kuehne asserts that it flies in the face of reality to suggest that Ms. Foley, during her passive duty as a stenographer, caused the convictions in <u>United States v. Kuehne</u> [...]. Because, in all actuality, the jury's verdicts rest upon the evidence presented, <u>not</u> on the falsifications and omissions in the transcript prepared by Ms. Foley.
>
> Secondly, Mr. Kuehne asserts that the Report and Recommendation's statement that "his direct appeal was denied based on [the altered transcript]," is clearly incorrect. The Sixth Circuit Court of Appeals was presented on direct appeal with a total of seventeen (17) issues (six by counsel and eleven pro se). Only one pro se issue, however, addressed the falsification of the transcripts which requested a remand so that the district court and Appellant could review the audio tapes and/or CD's to set forth the portions which were falsified more clearly. [...] Such issue did not involve reversal of the conviction or sentence.

The Court is satisfied that the Magistrate Judge's Report and Recommendation accurately summarized Plaintiff's Complaint. As to his first objection, it appears that Plaintiff has simply mis-parsed the text. It is apparent from the quotation which Plaintiff cites that the Magistrate Judge referred to the criminal proceedings as resulting in Plaintiff's convictions, not the transcripts.

The Magistrate Judge's statement quoted in Plaintiff's second objection was a restatement of a sentence in Plaintiff's Complaint: "Plaintiff will show that due to Ms. Folies actions he has been prejudiced during the district court proceedings as well as *the direct appeal being denied based upon a falsified transcript(s)*." (Doc. 6

2

at 5, emphasis supplied.) It is apparent that the Magistrate Judge's statement was substantially identical to Plaintiff's own assertion in his complaint.

Plaintiff's more substantive objection is to the Magistrate Judge's determination that his complaint was an attempt to bring a separate claim under 42 U.S.C. §1983 to attack the validity of his criminal conviction, an action barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). The Magistrate Judge found that "a judgment for plaintiff would necessarily undermine his criminal convictions". (Doc. 7 at 3.) Where a prisoner challenges the fact or duration of his confinement, his sole federal remedy is habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). The report and recommendation therefore concluded that, as Plaintiff's convictions have not been set aside, he cannot bring a §1983 action to attempt to undermine those convictions.

Plaintiff argues that the instant suit is not barred by *Heck*, because it does not question the validity of his conviction or sentence, or seek release from confinement. Instead, Plaintiff asserts, there is a body of caselaw holding that a prisoner may use a §1983 action to attempt to obtain relief relating to his criminal conviction that would not in itself have the effect of overturning his conviction or mandating his release. He cites *Alley v. Key*, 431 F.Supp.2d 790 (W.D. Tenn. 2006) and *Osborne v. District Attorney's Office*, 423 F.3d 1050 (9th Cir. 2005), cases where prisoner plaintiffs sued to obtain access to evidence which might be used in later attempts to overturn their convictions.

3

The *Alley* court drew the distinction which Plaintiff raises here, finding that such a §1983 action would not be a *Heck* "functional equivalent" of a habeas corpus petition. It held:

> There can be no doubt but that, with the instant action, Plaintiff hopes to set in motion legally significant events that will provide some relief from his present conviction and sentence. However, the standards governing this Court's determination about whether a §1983 action is more properly construed as an action in habeas corpus are objective standards concerned with the nature of the immediate relief requested, not subjective inquiries into the Plaintiff's motive for seeking redress for alleged constitutional violations. Where a judgment in favor of Plaintiff will not "necessarily imply the invalidity of his conviction or sentence," Plaintiff's cause of action is not one for habeas corpus relief. Were the Court to grant Plaintiff the relief requested, his underlying conviction and sentence would remain intact. Thus, success in this suit cannot call into question the validity of Plaintiff's conviction and sentence.

*Alley*, 431 F.Supp.2d at 795.

Plaintiff argues, simply, that the suit he seeks to bring here is analogous to that permitted in *Alley*. However, the claim he advances and articulates in his objections does not match his complaint. The complaint is here reproduced in its entirety:

> Ms. Leslie Foley served as court reporter in Plaintiff's criminal case in the district federal court. Plaintiff's proceedings lasted from March, 2003 - October 28, 2008, when his direct appeal was denied. During the district court proceedings, Ms. Foley falsified, omitted and created portions of the transcripts relating to the criminal proceedings. Specifically, Plaintiff has proof of trial transcripts being falsified, omitted and created portions. Further, sentencing transcripts have also been proven to have contained omissions.
>
> The main issue in this case is Ms. Folies unlawful falsification, and omissions of a federal criminal proceeding(s), during the dates provided above. Plaintiff will show that due to Ms. Folies actions he

4

> has been prejudiced during the district court proceedings as well as the direct appeal being denied based upon a falsified transcript(s).
>
> Plaintiff desires a true and accurate disclosure, with the pages consecutively numbered, and if possible time date and stamped, transcripts of proceedings as well as a demand for $1,000,000.00 for personal injury, actual injury and punitive damages and other appropriate sanctions.

(Doc. 6 at 5-6.)

Plaintiff does not, in his complaint, state an *Alley* claim that he is being denied access to materials to which he is entitled. Instead, he accuses the defendant court reporter of having falsified or altered trial transcripts, harming his ability to defend himself at his sentencing and upon appeal. He claims to seek a "true and accurate" copy of the trial transcript, but he also claims to seek $1,000,000 in damages for injuries and for punitive damages. *Pro se* complaints are to be liberally construed. *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980). However, given the complaint as pled, the Court cannot find that Plaintiff is doing other than bringing a §1983 claim that his sentence and the failure of his appeal were due, at least in part, to the misconduct of the court reporter.

As the judgment that the Plaintiff requests would hold that the court reporter in Plaintiff's trial had committed "unlawful falsification" – amongst other things, by granting Plaintiff a money award for such alleged wrongdoing – it would necessarily undermine his criminal conviction.[1] Such a §1983 action is exactly what

---

[1] Plaintiff, in his Objections, claims that a favorable judgment in his case would only permit him access to a "complete, accurate, honest" transcript, and would permit him to compare the transcript to audio recordings for discrepancies. Doc. 12 at 7. That is not, however, what his Complaint pleads.

5

the *Heck* court barred. Therefore, it was correct for the Magistrate Judge to find that Plaintiff's complaint failed to state a claim for relief under 42 U.S.C. §1983. If Plaintiff wished to bring some other claim, such as an *Alley* claim that he was being denied access to something which he had a right to obtain, he should have filed such a claim instead.[2]

Therefore, I hereby **ADOPT** the Magistrate Judge's Report and Recommendation (Doc. 7) and **OVERRULE** Plaintiff's objections (Doc. 12). This action is hereby **DISMISSED WITHOUT PREJUDICE**.


**IT IS SO ORDERED.**

>					*/s/ George C. Smith*
>					GEORGE C. SMITH, JUDGE
>					UNITED STATES DISTRICT COURT

---

[2] It is unnecessary for the Court to address the other potential bar to Plaintiff's claim – that the issue may have already been addressed by the Sixth Circuit Court of Appeals in *United States v. Kuehne*, 547 F.3d 667, 693-94 (6th Cir. 2008).